946

District Court, W. D. Pennsylvania.
June 8, 1933.

Fisher, Clapp, Soans & Pond, of Chicago, Ill., and E. A. Lawrence, of Pittsburgh, Pa., for plaintiff.

Leonard H. Krieger and David M. Kaufman, both of Pittsburgh, Pa., for defendants.

SCHOONMAKER, District Judge.

### Findings of Fact.

1. Plaintiff, Simmons Company, is a Delaware corporation.

2. Defendant Royal Bedding Company is a copartnership composed of defendants Max Cantor and Max Yahr.

3. Defendants Max Cantor and Max Yahr are persons residing in the Western District of Pennsylvania.

4. For many years plaintiff has been engaged in the manufacture of bedroom furniture and furnishings, including mattresses, which said articles for many years last past have been distributed and sold by the plaintiff throughout the United States, including the Western District of the state of Pennsylvania.

5. In the year 1925, plaintiff invested large sums of money in special equipment and facilities for manufacturing inner spring construction mattresses of high quality, and on or about June 10, 1925, selected as a name for said mattresses the arbitrary and distinctive mark "BeautyRest," which mark plaintiff applied to labels sewn to the outer covers of said inner spring construction mattresses. Said mattresses so marked and labeled during the past eight years have been shipped by plaintiff from various manufacturing points in the United States to all states of the Union, including the state of Pennsylvania.

6. Between one and two millions of said mattresses bearing plaintiff's "BeautyRest" label have been sold and shipped by plaintiff throughout the United States since the year 1925, and plaintiff has expended over $4,000,000 in extensively advertising and otherwise promoting the sale of said mattresses, bearing the "BeautyRest" mark.

7. The value of the said trade-mark "BeautyRest" to the plaintiff may fairly be estimated as approximating the amount expended in advertising the same.

8. In its advertising of said "BeautyRest" mattresses, plaintiff has always prominently featured the suggested retail price, which said retail price since about the year 1928 plaintiff has always placed prominently on the label of its mattress. Said suggested retail price between June, 1925, and January 1, 1932, was always $39.50, and the wholesale price was about $20. On or about January 1, 1932, the suggested retail price of the "BeautyRest" mattress was lowered to $33.75.

9. Plaintiff's "BeautyRest" mattresses

have always been of very fine quality, and, because of the extensive advertising and sale thereof by the plaintiff, the public has come to recognize the "BeautyRest" trade-mark and the high quality which said trade-mark represents and the fact that the said mattresses sold by the plaintiff under the trade-mark "BeautyRest" are fairly worth the advertised or suggested retail price.

10. The trade-mark "BeautyRest" in connection with mattresses was registered by plaintiff in the United States Patent Office under the Act of February 20, 1905, as amended (15 USCA § 81 et seq.), on January 12, 1926, certificate No. 207,821, and plaintiff is the sole and exclusive owner of the said registration.

11. The defendants, since June 1, 1932, have manufactured in the state of Pennsylvania about 250 mattresses to which they have applied a woven label not bearing the name of any manufacturer or vendor, but bearing prominently the word "Beauty Sleep," price $39.50. In no place did said mattresses of defendants bear the name of any manufacturer.

12. Between June 1, 1932, and November 10, 1932, defendants sold some of said mattresses to concerns located outside of the state of Pennsylvania and said mattresses were shipped by defendants from the state of Pennsylvania to the establishments of said purchasers in other states. About 250 of said mattresses bearing the name "Beauty Sleep" were sold by defendants.

13. The quality of the mattresses put out by defendants under the name "Beauty Sleep" is much inferior to that of plaintiff's "BeautyRest" mattresses. Defendants' wholesale price on said mattress has been $6.50.

14. The name "Beauty Sleep" or "Beautysleep" is confusingly similar to the name "BeautyRest," and there is great probability of confusion by purchasers.

15. Defendants' use of the price marking, "$39.50," intensifies the possibility of confusion.

16. The omission of defendants' name or names from the mattresses bearing the "Beauty Sleep" labels, together with the use of the name "Beauty Sleep" and the price mark, "$39.50," enables the retailer readily to palm off defendants' said mattresses as and for the genuine "BeautyRest" mattresses of the plaintiff.

17. Promptly after learning about defendants' "Beauty Sleep" mattress, the plaintiff, through its counsel, notified defendant Royal Bedding Company that its use of the name "Beauty Sleep" was an infringement of plaintiff's trade-mark "BeautyRest." Thereupon defendants ceased shipping said "Beauty Sleep" mattresses outside of the state of Pennsylvania, but continued to sell the same to retailers located wholly within the state of Pennsylvania.

18. The subject-matter in controversy is the trade-mark "BeautyRest," and the value of the same to the plaintiff is many times $3,000.

19. The value of said trade-mark to the plaintiff has been jeopardized by the acts of the defendants which, if continued, will tend to destroy the value of said trade-mark "BeautyRest" and to damage the plaintiff an amount largely in excess of $3,000.

### Conclusions of Law.

1. Plaintiff has no adequate remedy in law, and hence this court of equity has jurisdiction of this controversy.

2. This is a controversy between citizens of different states and involving an amount in controversy, exclusive of interest and costs, of more than $3,000, and therefore this court has jurisdiction of the cause.

3. The trade-mark "BeautyRest" for mattresses is good and valid in law, and the plaintiff is the exclusive owner thereof.

4. United States Patent Office registration No. 207,821, issued January 12, 1926, is good and valid in law, and the plaintiff is the exclusive owner of all rights pertaining to said registration.

5. The use by defendants of the mark "Beauty Sleep" on mattresses of their manufacture constitutes an infringement of plaintiff's common law rights in respect of plaintiff's trade-mark "BeautyRest" which plaintiff is entitled to have restrained by this court.

6. Defendants' acts in shipping "Beauty Sleep" mattresses to points outside of the state of Pennsylvania also constitutes a violation of plaintiff's rights possessed by it by virtue of said United States Patent Office registration No. 207,821.

7. Defendants should also deliver to the plaintiff any and all labels, signs, prints, packages, wrappers, cartons, or other printed matter in their possession bearing the name "Beauty Sleep."

8. Plaintiff is entitled to recover from defendants the damages suffered by the plaintiff because of said infringements and

the profits and advantages realized upon by defendants by reason of said infringement, and, in respect of sales made by defendants subsequent to November 10, 1932, the plaintiff is entitled to recover threefold said amount. However, the expense of an accounting, in view of the limited sales of the defendants, would be inordinately heavy compared with the probable final recovery. Therefore the recovery for profits and damages is fixed at $100.

9. The costs of this suit should be paid by defendants.